USCA1 Opinion

 

 August 4, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-2323 VOJTECH KUBEC, Petitioner, v. IMMIGRATION AND NATURALIZATION SERVICE, Respondent. ____________________ ON PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS ____________________ Before Torruella, Selya and Stahl, Circuit Judges. ______________ ____________________ Vojtech Kubec on brief pro se. _____________ Frank W. Hunger, Assistant Attorney General, David J. Kline, ________________ ________________ Assistant Director, Office of Immigration Litigation, and David V. ________ Bernal, Attorney, Office of Immigration Litigation, Civil Division, ______ Department of Justice, on brief for respondent. ____________________ ____________________ Per Curiam. Petitioner, Vojtech Kubec, a native __________ and citizen of Czechoslovakia, has filed this petition for review of the decision of the Board of Immigration Appeals (BIA) denying his application for political asylum. See 8 ___ U.S.C. 1158(a). Petitioner also claims that the BIA abused its discretion in accepting certain findings made by the immigration judge concerning the present nature of the government in Czechoslovakia. I. _ Petitioner was born in 1961 in Plzen, Czechoslovakia. He attended school there and, at the time he left Czechoslovakia in 1989, was working as a technician at a recording studio. He is married to another citizen of Czechoslovakia and has one child. His mother, father and sister still live in Czechoslovakia (now the Czech Republic). Petitioner entered the United States, in August 1989, as a nonimmigrant visitor for pleasure; he was permitted to remain here until February 1990. However, petitioner never left this country. As a result, the Immigration and Naturalization Service issued an order to show cause why petitioner should not be deported. In response, petitioner filed applications for political asylum and withholding of deportation. A deportation hearing was held on May 6, 1991. Petitioner admitted the facts in the show cause order and -2- conceded deportability. At the conclusion of the hearing, the immigration judge rendered an oral decision; he denied the applications for political asylum and withholding of deportation. The judge determined that petitioner had failed to demonstrate that he would be persecuted or had a well- founded fear of persecution if returned to Czechoslovakia. The immigration judge did grant petitioner's request for voluntary departure in lieu of deportation. See 8 U.S.C. ___ 1254(e)(1). The BIA, in a short order, affirmed the judge's decision. II. __ The administrative consideration of political asylum claims involves a two-step process: (1) a determination of statutory eligibility; and (2) a discretionary decision whether to grant asylum. See ___ Gebremichael v. INS, 10 F.3d 28, 35 (1st Cir. 1993). In ____________ ___ relation to the first step, petitioner bears the burden of establishing that he is a "refugee" within the meaning of Section 101(a)(42) of the Immigration and Naturalization Act (the Act). See 8 C.F.R. 242.17(c)(4)(iii); Ravindran v. ___ _________ INS, 976 F.2d 754, 758 (1st Cir. 1992); Alvarez-Flores v. ___ ______________ INS, 909 F.2d 1, 3 (1st Cir. 1990). ___ "Refugee" is defined, in relevant part, as any alien who is unwilling or unable to return to his country "because of persecution or a well-founded fear of persecution on account of race, religion, -3- -3- nationality, membership in a particular social group, or political opinion." Ravindran, 976 F.2d at 758 (quoting 8 U.S.C. _________ 1101(a)(42)(A)). To show that he is a refugee, petitioner can rely on past persecution or on a well-founded fear of future persecution on the basis of one of the five grounds enumerated in 1101(a)(42)(A). See Gebremichael, 10 F.3d at ___ ____________ 3; Ravindran, 976 F.2d at 758. The fear of future _________ persecution standard has both a subjective and an objective component. Ravindran, 976 F.2d at 758; Alvarez-Flores, 909 _________ ______________ F.2d at 5. That is, the fear must be genuine and petitioner must show "`credible, direct, and specific evidence'" of facts that would establish the reasonableness of his fear. Ravindran, 976 F.2d at 758 (citation omitted). We review the _________ determination that petitioner was not a refugee under the substantial evidence standard. See Alvarez-Flores, 909 F.2d ___ ______________ at 3. Thus, we will affirm the BIA's decision if "supported by reasonable, substantial, and probative evidence on the record considered as a whole. . . . " See 8 U.S.C. ___ 1105a(a)(4). Petitioner claims that he has presented sufficient evidence, based on the nature of his political opinions, to establish a well-founded fear of persecution. First, he states that his grandfather's mill was confiscated by the communist governmental authorities in 1953 and that these -4- -4- authorities imprisoned his grandfather for four years. This persecution, petitioner alleges, resulted in limited educational and vocational opportunities for petitioner's mother, as well as for the entire family. Specifically, petitioner refers to an incident that occurred in 1987. At this time, petitioner and his brother approached the government about starting their own business. According to petitioner, they were informed that membership in the Communist Party would "greatly" improve their chances of success. In determining that petitioner did not have a well- founded fear of persecution, the immigration judge relied on the change in the government in Czechoslovakia since the occurrence of the above events. I take judicial notice that Czechoslovakia, at the present time, is a free and independent country. I take judicial notice that the Russian Army has left the territory of Czechoslovakia and that democratic institutions have been instituted in Czechoslovakia and that Czechoslovakia has an independent democratic government with democratic institutions in place since the Soviet Forces have left Czechoslovakia, and that there have been elections, and that free elections have resulted in a free democratic government being installed in Czechoslovakia. Petitioner objects to the "judicial notice" by the immigration judge of these facts. He argues that the judge went beyond what is "commonly acknowledged" and, instead, -5- -5- expressed his own, personal opinion. Further, petitioner claims that he was not given a sufficient opportunity to rebut this information. However, petitioner failed to raise these arguments in his brief in support of his appeal to the BIA. "Issues not raised before the [BIA] may not be raised for the first time upon judicial review of the [BIA's] decisions." Ravindran, 976 F.2d at 761. Thus, petitioner _________ has failed to exhaust his administrative remedies and has waived review of these issues. See id. ___ ___ The basis for the immigration judge's findings is the Country Reports on Human Rights Practices for 1990 of the __________________________________________________ Department of State, admitted, without objection, as exhibit 5 at the hearing. In addition to the facts stated by the judge, the Country Reports provides the following _________________ information. After the elections in 1990, legislation was enacted which provided for the rights of assembly, free speech and association. All known political prisoners were freed and, in 1990, there were no reports of torture or other cruel, or degrading, punishments. The Soviet Ministry of Interior, which had been used as "an instrument to control the population," was abolished. Limitations on private enterprises were removed and efforts are being made to establish a market economy. Individuals are permitted to, and, in fact, do, express their political opinions and engage in criticism of the present government. Finally, citizens -6- -6- who had left the country during the communist regime are free to return to Czechoslovakia. In an effort to rebut this information, petitioner opines that these changes are only superficial. Specifically, he asserts that it is likely that the previous communist officials still control the government, the economy and the local bureaucracies. Thus, he asserts, the "day-to- day" operation of governmental agencies is the same as it was under the Soviet regime. Petitioner concludes that he still would be prevented from securing any economic gain if he returned and that because of his anti-communist beliefs, still would be at a high risk of persecution. He also argues that two letters -- one from his mother and the other from a friend -- provide specific facts that should be credited over the general conclusions of the Country Reports. These letters, admitted as exhibits 3 and ________________ 4, recite that disorder prevails in Czechoslovakia and that the government has not changed. Also, petitioner's mother writes that incompetent people run the government, that criticism is not tolerated and that if individuals return from the West, they are seen as criminals and become the targets of witchhunts and vindictive acts. III. ___ Based on the above, we cannot say that the BIA lacked a substantial basis for its finding that petitioner's -7- -7- fears were not well-founded. Without determining whether petitioner's allegations even amount to "persecution," we note that the only evidence of specific acts on the part of ________ the government occurred before the change in government in 1990. Petitioner's family continues to live in Czechoslovakia without having suffered any instances of persecution. Petitioner has been allowed by the authorities to travel to this country; he also took trips to Hungary, Germany and Yugoslavia. While petitioner remained in this country, his wife was freely permitted to travel between the United States and Czechoslovakia with no adverse consequences. Petitioner's testimony and the two letters contain only conclusory statements that circumstances have not changed. The general references to disorder and to the status of refugees returning to Czechoslovakia from the West are not supported by particular incidents or names, dates and additional relevant information. This court and others have upheld the BIA's denial of asylum claims in cases where the evidence has been far more compelling. See, e.g., Ravindran, ___ ____ _________ 976 F.2d at 759 (imprisonment of petitioner by government for three days, search of family home, the witnessing by petitioner of random acts of violence by the majority ethnic group and persecution of petitioner's uncle were insufficient to establish refugee status); Alvarez-Flores, 909 F.2d at 5-6 ______________ -8- -8- (the detention of petitioner, once by the guerrillas in El Salvador and once by the military, insufficient to show a well-founded fear of persecution). See also Arriaga- ___ ____ ________ Barrientos v. United States INS, 937 F.2d 411, 414 (9th Cir. __________ _________________ 1991) (violence against family insufficient to establish persecution unless evidence shows a pattern closely associated with the petitioner); Zalega v. INS, 916 F.2d ______ ___ 1257, 1260 (7th Cir. 1990) (persecution is not demonstrated despite repeated detentions and interrogations of petitioner where no formal charges were filed). In conclusion, petitioner has failed to present any "compelling" evidence such that "no reasonable factfinder could fail to find the requisite fear of persecution." See ___ INS v. Elias-Zacarias, 112 S. Ct. 812, 817 (1992). As a ___ ______________ result, he does not qualify for political asylum under Section 208(a) of the Act, 8 U.S.C. 1158(a). The petition for review is denied. ______ -9- -9-